UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60695-GAYLES

**WERTEKS CLOSED JOINT STOCK
COMPANY d/b/a WERTEKS
PHARMACEUTICAL COMPANY and
THERMOLIFE INTERNATIONAL, LLC,**
            Plaintiff,

        v.

**VITACOST.COM, INC., and VITAL
PHARMACEUTICAL, INC. d/b/a VPX,**
            Defendants.
                                                          /

## ORDER

**THIS CAUSE** comes before the Court on Defendants'—Vital Pharmaceuticals, Inc. ("VPX") and Vitacost.com, Inc. ("Vitacost" or "Customer Defendant")—Motion to Dismiss Complaint and/or Stay Litigation [ECF No. 15]. The Court has carefully considered the parties' written submissions, pertinent portions of the record, and the applicable law. For the reasons set forth below, the Defendants' motion to dismiss shall be granted in part and denied in part, and the motion to stay shall be granted.

**I.      BACKGROUND**

On March 31, 2016, Plaintiffs Werteks Closed Joint Stock Company d/b/a Werteks Pharmaceutical Company ("Werteks") and ThermoLife International, LLC ("ThermoLife") filed a complaint against the Defendants, alleging a cause of action for infringement of U.S. Patent No. 8,350,077 (the "'077 Patent"). *See* Compl. The Plaintiffs allege that Werteks is the owner of the '077 Patent by assignment, *id.* ¶ 14; ThermoLife is the exclusive licensee of the '077 Patent, *id.* ¶ 15; and Defendants' product, mTORC1, infringes on one or more claims of the '077 Patent,

*id.* ¶¶ 19-20, 23, 29.

The Plaintiffs simultaneously filed three other infringement actions against VPX and additional defendants, concerning the same '077 Patent but different infringing products. *See Werteks Closed Joint Stock Co. v. GNC Corp.*, No. 16-cv-60688-FAM (S.D. Fla.) (the "Moreno Case"); *Werteks Closed Joint Stock Co. v. Vitamin Shoppe, Inc.*, No. 16-cv-60691-WJZ (S.D. Fla.) (the "Zloch case"); *Werteks Closed Joint Stock Co. v. Vitamin Shoppe, Inc.*, No. 16-cv-60693-UU (S.D. Fla.) (the "Ungaro Case").

Previously, in 2014, these same Plaintiffs brought a similar action against VPX only, alleging infringement of the '077 Patent by the product at issue here, mTORC1, and the products at issue in both the Moreno Case and the Ungaro Case. *See ThermoLife Int'l, LLC v. Vital Pharm., Inc.*, No. 14-cv-61864-WJZ (S.D. Fla.) (the "2014 Case"). VPX brought counterclaims against the plaintiffs (*see* 2014 Case, ECF No. 25), the plaintiffs answered the counterclaims (*see id.*, ECF No. 32), VPX moved for partial summary judgment on the counterclaims (*see id.*, ECF No. 72), amd the summary judgment motion was fully briefed (*see id.*, ECF Nos. 80 (response), 84 (reply)). The 2014 Case was closed, however, on October 23, 2015, when Judge Zloch, the presiding judge, issued a Final Order of Dismissal after the plaintiffs failed to comply with a court-ordered deadline. *See id.*, ECF No. 86. The order dismissed the complaint and denied all pending motions as moot, including the summary judgment motion on VPX's counterclaims. *Id.* The order did not dispositively rule on or dispose of the counterclaims, however, and those claims technically remain pending.

VPX filed a motion for partial reconsideration in the 2014 Case on November 5, 2015, requesting that Judge Zloch reinstate the action as to its counterclaims only and revive its motion for summary judgment against the plaintiffs. *See* 2014 Case, ECF No. 89. The motion became ripe on November 12, 2015, but to date, a ruling has not yet been issued.

2

The Defendants in this case filed the instant Motion to Dismiss and/or Stay the Litigation on June 6, 2016 [ECF No. 15]. They raise two grounds that they argue warrant dismissal: first, the Plaintiffs have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6); and second, this Court does not have subject matter jurisdiction because the Plaintiffs lack standing to bring this action. *See* Defs.' Mot. at 2-4. Alternatively, they raise two grounds that they argue warrant a stay of the action: first, the Court should stay the action against Vitacost, the Customer Defendant, pursuant to the "Customer-Suit Doctrine"; and second, the Court should stay the action until the ultimate resolution of the 2014 Case before Judge Zloch. *Id.* at 4-9.

## II.     MOTION TO DISMISS

### A.     *Legal Standards*

#### 1.     **Failure to State a Claim for Relief**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

### 2. Lack of Standing

A motion to dismiss challenging a party's standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Such motion may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[1] A factual challenge attacks "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (citation and internal quotation marks omitted), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

### B. *Discussion*

#### 1. The Plaintiffs Fail to State a Claim for Relief as to Claims 2 and 3

Count I of the Complaint alleges "Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '077 Patent . . . ." Compl. ¶ 29. The Defendants argue that the Plaintiffs fail to provide factual allegations to support a claim for patent infringement with respect to claims 2 and 3 of the '077 Patent. *See* Defs.' Mot. at 2-3. The Plaintiffs concede that the infringement chart attached to the Complaint

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

addresses only claim 1 of the '077 Patent. *See* Pl.'s Opp'n at 2-3. The Plaintiffs argue, however, that the infringement chart puts the Defendants on sufficient notice "as to at least one claim alleged to be infringed and have adequate information to respond to the Complaint." *Id.* at 2.

Unfortunately for the Plaintiffs, this is not the standard. The pleading standard set forth in *Iqbal* and *Twombly* requires more than the legal conclusion that the Defendants have infringed on claims 2 and 3 of the '077 Patent, and much more than notice that they may possibly have done so. The Plaintiffs are required to put forth facts that, at the very least, allow the Court to make a reasonable inference that the Defendants have infringed on claims 2 and 3. As the Plaintiffs concede they allege facts only as to claim 1, the Court is unable to make any such inference. Accordingly, the motion to dismiss Count I of the Complaint shall be granted as to claims 2 and 3 of the '077 Patent. *See* Ungaro Case, ECF No. 26, at 5 (holding same); Moreno Case, ECF No. 32, at 2 (holding same).

### 2. The Plaintiffs Sufficiently Allege Standing

The Defendants argue that the Plaintiffs lack standing to bring infringement claims for the '077 Patent. *See* Defs.' Mot. at 3-4. Defendants point out that the '077 Patent attached to the Complaint [ECF No. 1-4] lists "VERTEX Closed Joint Stock Company, St. Petersburg (RU)" as the assignee, while Plaintiffs are Werteks Closed Joint Stock Company d/b/a Werteks Pharmaceutical Company and ThermoLife International, LLC. *See* Defs.' Mot. at 3. Because the Defendants do not submit any additional evidence, and rely only on the allegations in the Complaint and the attached '077 Patent document, the Court construes the Defendants' attack on jurisdiction as a facial attack. *See Miccosukee Tribe of Indians v. Jewel*, 996 F. Supp. 2d 1268, 1271 (S.D. Fla. 2013) ("[T]he Government's Motion is a facial attack on the Complaint because it does not present any factual evidence outside of the Complaint for the Court's consideration.").

The Plaintiffs allege the following with respect to standing:

9. Plaintiff Werteks is a Russian company with its principal place of business in Russia at 196135, Saint Petersburg, Moskovski district, Tipanova Street, Bldg 8, Apartment 100. Werteks' former English-language spelling was "Vertex."

. . .

14. Werteks is the owner by assignment of the '077 Patent.

15. ThermoLife exclusively licenses the '077 Patent from Werteks.

Compl. ¶¶ 9, 14-15. The Court finds that the Complaint sufficiently alleges standing as to both Plaintiffs based on these facts. *See Dunbar*, 919 F.2d at 1529; Ungaro Case, ECF No. 26 at 6 (holding same); Moreno Case, ECF No. 32 at 2 (holding same). Accordingly, the motion to dismiss on this ground is denied.

### III.   MOTION TO STAY

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Stays of proceedings can promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. *See Clinton*, 520 U.S. at 706. In determining whether a stay is appropriate, some courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed absent the stay; (3) potential for harm to the opposing party if the stay is issued; and (4) whether issuing a stay would be in the public interest. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). If the court decides to grant a stay, the stay must not be "immoderate of an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwky Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citation and internal quotation marks omitted).

### A. *Stay as to Customer Defendant Vitacost*

As was done in both the Ungaro Case and the Moreno Case, the Court will stay this case as to Vitacost under the customer suit exception. *See* Ungaro Case, ECF No. 26 at 10; Moreno Case, ECF No. 32 at 2. The customer suit exception allows courts to stay patent litigation brought against resellers of allegedly infringing products pending resolution of claims against the product's manufacturer. *See, e.g.*, *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). The reasoning behind the customer suit exception is "to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

Here, the Defendants argue that whether the '077 Patent is a valid patent and whether VPX's product infringes on that patent are threshold issues that can be resolved absent the Customer Defendant. *See* Defs.' Mot. at 6; Defs.' Reply at 4-5. That is, as recognized by Judge Ungaro, the "manufacturer['s] liability is a predicate to recovery from [the Customer Defendant]." Ungaro Case, ECF No. 26 at 8 (citing *In re Nintendo*, 756 F.3d at 1365-66; *Privasys, Inc. v. Visa Int'l*, No. 07-03257, 2007 WL 3461761, at *3 (N.D. Cal. Nov. 14, 2007)).

The Plaintiffs argue, without any supporting authority, that the customer suit exception is not applicable when claims are brought against the manufacturer and the customer defendant in the same lawsuit. The Plaintiffs further argue it "would be highly prejudicial to Plaintiffs and certainly not judicially efficient" to issue a stay as to the Customer Defendant. Pls.' Opp'n at 7. The Court, however, finds that judicial efficiency will be best served by staying this action to avoid imposing litigation burdens on the Customer Defendant where its liability turns on the alleged infringement by VPX, the Customer Defendant does not possess documents or other discoverable materials related to VPX's alleged infringement, and the Customer Defendant

recognizes it will be bound by any court's ruling as to infringement and patent validity. *See* Defs.' Reply at 4 (recognizing Vitacost "would be bound by any determinations made with respect to patent validity or infringement"). Accordingly, the Court will stay this action as to the Customer Defendant. *See* Ungaro Case, ECF No. 26 at 9-10 (recognizing and holding same); Moreno Case, ECF No. 32 at 1-2 (adopting in part Report and Recommendation, recognizing and recommending same).

### B. *Stay Pending a Ruling in the 2014 Case*

Finally, the Defendants argue this case should be stayed in its entirety pending the disposition of the counterclaims in the 2014 Case. The Court agrees and, as was done in the Moreno Case (*see* Moreno Case, ECF No. 32 at 2),[2] will stay this action pending a final resolution of the currently pending motion for reconsideration in the 2014 Case.[3]

On the one hand, a ruling in favor of VPX on its counterclaims would put an end to this and the three other related cases brought in 2016. Judicial efficiency warrants a stay under these circumstances. If, on the other hand, the counterclaims in the 2014 Case are dismissed, then VPX can move to reopen this case at that time.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1)    the Defendants' motion to dismiss [ECF No. 15] is **GRANTED IN PART**; Count I of the Plaintiffs' Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** to the extent it alleges patent infringement as to Claims 2 and 3 of the '077 Patent;

(2)    this action is **STAYED** as to Defendant Vitacost.com, Inc., pending resolution of the

---

[2] By contrast, Judge Ungaro declined to stay the Ungaro Case under these circumstances, reasoning that "there is: (1) no reason to believe that VPX will ultimately prevail on the merits in the already-dismissed case; and (2) a risk of significant potential harm to Plaintiffs if a stay is issued." Ungaro Case, ECF No. 26 at 9.

[3] Plaintiffs filed an opposition to VPX's motion for reconsideration in the 2014 Case. Given the ruling of this Court and that of Judge Moreno, Plaintiffs may want to reconsider their opposition and consider joining VPX's motion, or filing their own motion for reconsideration, so that the counterclaims can be properly addressed.

patent infringement claims against Defendant Vital Pharmaceuticals, Inc.;

(3) this action is **STAYED** in full pending a final resolution of the pending motion for reconsideration before the Honorable William J. Zloch in Case No. 14-cv-61864-WJZ, ECF No. 89; and

(4) this case shall be **CLOSED** administratively during the pendency of the stay.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of September, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE